```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

**Raymond Capuano,**              :
    **Plaintiff,**                :
                                            :
**v.**                            :         **Case No. 3:03cv1572 (JBA)**
                                            :
**Island Computer Products, et al.,** :
    **Defendants.**               :

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. # 154]**

On September 15, 2005, this Court granted defendant's motion for sanctions in connection with plaintiff's misrepresentations in his deposition and interrogatory responses as to whether he was terminated from his prior employment with a company called Electronic Data Services ("EDS") on the basis that plaintiff denied throughout discovery that he was ever terminated, or fired, from EDS (responding to discovery requests and at deposition, plaintiff alternately stated that he could not recall whether he had been terminated and that he believed he resigned from EDS), and then acknowledged at the summary judgment stage and at trial that he had been terminated.  See Sanctions Ruling [Doc. # 144].  Plaintiff moves for reconsideration of the Court's Sanctions Ruling [Doc. # 154], and defendant has submitted an affidavit of attorney fees and costs sought to be awarded as a sanction [Doc. # 157], to which plaintiff has objected [Doc. # 159].  For the reasons that follow, plaintiff's reconsideration motion will be granted and the Court's Sanctions Ruling vacated.

1

**I. Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

**II. Discussion**

Plaintiff argues that the Court's sanctions ruling should be reconsidered, and vacated, for the following reasons: (1) because the Court's ruling did not mention that plaintiff accepted the job offer from defendant ICP before his prior employer, EDS, terminated him and "[f]ew if any reasonable people in the United States would ever consider themselves to have been fired from an existing job if they had already accepted an offer of new employment while still employed," Pl. Mot. at 1-2; (2) because the Court's ruling did not take into account the fact that the word "terminated" in defendant's interrogatory was not defined and "[a] reasonable person reading [it] would have interpreted it

to ask whether Capuano had been terminated <u>for cause</u> from a prior employer," <u>id</u>. at 3; and (3) plaintiff's separation agreement did not state that he was terminated for cause, but rather was an agreement that resulted in the payment of money to plaintiff in exchange for an agreement not to sue EDS, <u>id</u>. at 4.  Defendant responds that plaintiff's motion is merely a rehashing of his prior arguments and that he has failed to meet the reconsideration standard.

While the Court does not find any of plaintiff's arguments persuasive, motions for reconsideration provide courts an opportunity to reconsider prior rulings for any apparent legal error, and this Court does so now.

Defendant moved for sanctions pursuant to Fed. R. Civ. P. 37(c)(1), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

In its Sanctions Ruling, the Court also relied on the following language from <u>Martinelli v. Bridgeport Roman Catholic Diocesan</u>

Corp., 179 F.R.D. 77, 80 (D. Conn. 1998):

> Rule 37 provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery. . . . The mildest sanction is the reimbursement of expenses to the opposing party caused by the offending party's failure to cooperate, while the harshest sanction is the order of dismissal and default judgment. . . . While a showing of willful disobedience or gross negligence is required to impose a harsher sanction, a finding of willfulness or contumacious conduct is not necessary to support sanctions which are less severe than dismissal or entry of a default judgment.

Here, however, rather than demonstrating a failure to provide, or update, discovery, or to follow a court discovery order, defendant showed that Mr. Capuano did respond to interrogatories and appeared at his deposition, but that on the issue of whether he was terminated from his prior employer, Electronic Data Systems ("EDS"), he deviated in his statements, feigned lack of recollection, denied he was terminated or offered equivocal testimony debating what it means to be "terminated," only to admit in summary judgment briefing that he was "terminated."  See Sanctions Ruling at 2-9 (detailing discovery). Mr. Capuano thus did not impede the discovery process by ignoring a discovery request, refusing to show up for his deposition, or failing to comply with an order of the court, but rather participated in the process and made misleading statements.

The Court has found no authority – and defendant cited to none in its initial briefing in support of its sanctions motion – requiring imposition of sanctions where a party complies with

4

discovery demands, but misrepresents the facts in his compliance. Indeed, the circumstances of this case are distinguishable from those in <u>Martinelli</u> and other cases cited by defendant where a party refuses to respond to discovery requests or to appear at a deposition, or unjustifiably delays production of documents or other responses to discovery demands.

It cannot be the case that sanctions should be imposed and fees recovered every time a party's unjustified testimonial inconsistency is revealed or the veracity of a party's discovery statements is successfully impeached by other discovery. Such a premise would spawn wasteful, unnecessary satellite litigation when in fact if there has been a party falsity, uncovered by an opponent's good litigation preparation, which is then put to effective use at trial to discredit that party's testimony, the opponent is advantaged, not prejudiced, and the additional discovery required to obtain this credibility jewel has extra value, beyond that of an initial truthful discovery response. This case is a perfect illustration: ICP deposed Mr. Capuano and did not get the responses it believed were true and, suspecting a misrepresentation, obtained impeaching documentation and other admissions during discovery. ICP then used those documents and Mr. Capuano's later inconsistent statements to successfully impugn his credibility at trial, which accomplishment was particularly significant in this case which centered on

credibility issues.

Accordingly, absent any authority requiring the Court to impose sanctions in this situation where Mr. Capuano's discovery behavior, while potentially perjurious, did not violate the mandates of the federal rules or any order of this court relating to discovery, the Court will grant plaintiff's reconsideration motion and will accordingly vacate its earlier ruling imposing sanctions.

**III. Conclusion**

For the foregoing reasons, plaintiff's Motion for Reconsideration [Doc. # 154] is GRANTED and the Court's Sanctions Ruling [Doc. # 144] is VACATED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 20th day of September, 2006.**